**WO**                                                                              ASH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Rick Wayne Valentini,

              Plaintiff,

v.

Ryan Thornell, et al.,

              Defendants.

No.  CV-23-00323-TUC-SHR

**ORDER**

      Plaintiff Rick Wayne Valentini, a frequent litigant[1] who is confined in the Arizona State Prison Complex-Yuma, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), two Motions for Preliminary Injunction (Docs. 5, 6), and a Motion of Acquisition (Doc. 10).  After review, the Court denies the Motions for Preliminary Injunction, grants Plaintiff's Application to Proceed and Motion for Acquisition, and dismisses the Complaint with leave to amend for the reasons set forth below.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

      The Court grants Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $63.37.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C.

---

[1] Plaintiff has filed at least nine actions in this Court.

§ 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states "[e]ach allegation must be simple, concise, and direct."  A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).  Plaintiff has been repeatedly informed of these standards.[2]

Plaintiff's Complaint fails to comply with federal pleading requirements.  Local Rule of Civil Procedure 3.4 requires, in part, all complaints by incarcerated persons "be signed and legibly written or typewritten on forms approved by the court and in accordance with the instructions provided with the forms."  The instructions provided with the court-

---

[2] *See Valentini v. Shinn*, CV 2:22-01612-PHX-MTL (DMF) (D. Ariz. Order dated Apr. 24, 2023); *Valentini v. Shinn*, CV 2:23-00325-PHX-MTL (DMF) (D. Ariz. Orders dated Apr. 7, 2023, and Sept. 26, 2023).

approved civil rights complaint form state a plaintiff may only allege "**one violation per count**." (Emphasis in original.) Each of Plaintiff's eight claims cites numerous legal bases for the claims, including "RLUIPA of 2000,"[3] the "1st, 5th, 8th, and 14th Amendments," the "American Cares Act,"[4] and "Rouser v. White."[5]   All of Plaintiff's claims make allegations against multiple Defendants and relate to events occurring over many weeks or months.   As such, Plaintiff's allegations make it impossible for the Court to determine what, exactly, Plaintiff's claims are, and against whom they are directed.   It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of Plaintiff's claims.   Plaintiff's allegations are neither short nor plain, and it would be impossible for any Defendant to meaningfully respond to the Complaint. Accordingly, the Court finds the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure, and it will thus be dismissed.

## III.   Leave to Amend

By **Monday, January 8, 2024**, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.   The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.   If Plaintiff fails to use the court-

---

[3] Plaintiff presumably refers to the Religious Land Use and Institutionalized Persons Act (RLUIPA).

[4] Plaintiff presumably refers to the Coronavirus Aid, Relief, and Economic Security (CARES) Act.   In another case, the Court has informed Plaintiff there is no private right of action pursuant to the CARES Act. *See Valentini v. Shinn*, CV 2:22-01612-PHX-MTL (DMF) (D. Ariz. Order dated Oct. 17, 2023).

[5] As the Court has previously noted, it is unclear what case Plaintiff is referring to. *See Valentini v. Shinn*, CV 2:22-01612-PHX-MTL (DMF) (D. Ariz. Order dated Oct. 17, 2023).   To the extent Plaintiff may be referring to *Rouser v. White*, 825 F.3d 1076 (9th Cir. 2016), or the underlying consent decrees from the United States District Court for the Eastern District of California, Plaintiff may not enforce the settlement or consent decrees entered in a separate action. *See Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996); *DeGidio v. Pung*, 920 F.2d 525, 534 (8th Cir. 1990); *Green v. McKaskle*, 788 F.2d 1116, 1122–23 (5th Cir. 1986).   Moreover, standing alone, remedial orders and settlement terms cannot serve as a substantive basis for a § 1983 claim because they do not create "rights, privileges, or immunities secured by the Constitution and laws." *Green*, 788 F.3d at 1123–24.   Rather, settlements and remedial decrees are the means by which unconstitutional conditions are corrected. *Id.* at 1123.

approved form, the Court may strike the first amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in a previous complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in an amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a first amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what each Defendant did or failed to do; (4) how the action or inaction of each Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of each Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**IV.    Motions for Preliminary Injunction**

Plaintiff has filed two Motions seeking preliminary injunctive relief.  In the first (Doc. 5), Plaintiff asserts certain religious books and items have been confiscated as

"contraband," and they were scheduled to be destroyed on July 6, 2023. Plaintiff seeks an injunction halting the items' destruction. However, Plaintiff's Motion was not received until August 4, 2023, well after the items had already been destroyed. Accordingly, no effective injunctive relief can be granted, and the first Motion will thus be denied as moot.

In the second Motion (Doc. 6), Plaintiff seeks an order directing he be placed in protective custody due to alleged threats to his safety. However, Plaintiff makes no threat to safety allegations in his Complaint. An injunction is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters "lying wholly outside the issues in the suit." *DeBeers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (to obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). Because Plaintiff's request for injunctive relief is unrelated to the claims in his Complaint, his second Motion will be denied.

## V.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.    Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to

comply may result in dismissal of this action.

      **C.    Possible Dismissal**

      If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

      (1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**.

      (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $63.37.

      (3)    The Complaint (Doc. 1) is **DISMISSED** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure. Plaintiff has up to and including **Monday, January 8, 2024,** to file a first amended complaint in compliance with this Order.

      (4)    If Plaintiff fails to file an amended complaint by the end of the day **Monday, January 8, 2024**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

      (5)    Plaintiff's two Motions for Preliminary Injunction (Docs. 5 and 6) are **DENIED**.

      (6)    Plaintiff's Motion for Acquisition (Doc. 10) is **GRANTED**.

      (7)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner and must mail Plaintiff a copy of his complaint (Doc. 1).

      Dated this 8th day of December, 2023.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
      A certificate of service should be in the following form:

      I hereby certify that a copy of the foregoing document was mailed
      this _____ (month, day, year) to:
      Name:   _____
      Address:_____
                Attorney for Defendant(s)

      _____
      (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

              Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

              Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
              (To be supplied by the Clerk)

## CIVIL RIGHTS COMPLAINT
## BY A PRISONER

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as: _____ at_____.
                                        (Position and Title)                                              (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at_____.
                                        (Position and Title)                                              (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as: _____ at_____.
                                        (Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____ at_____.
                                        (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

   b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

   c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer      ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?      ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count II?            ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities         ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                      ☐ Yes      ☐ No
    b.   Did you submit a request for administrative relief on Count III?        ☐ Yes      ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes      ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                               DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

JUL 1 7 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

RICK VALENTINI   268586
Name and Prisoner/Booking Number

ASPC Tucson   Rincon 3-A-1
Place of Confinement

P.O. Box 24408
Mailing Address

Tucson, Az  85734-4408
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICK VALENTINI<br>(Full Name of Plaintiff)          Plaintiff, | |
| vs. | CASE NO. CV-23-00323-SHR-PSOT<br>(To be supplied by the Clerk) |
| (1) Ryan Thornell<br>(Full Name of Defendant) | |
| (2) Christopher Josefowicz | CIVIL RIGHTS COMPLAINT<br>BY A PRISONER |
| (3) "John" Martinez | |
| (4) Randall Andrews | ☒ Original Complaint |
| Defendant(s). | ☐ First Amended Complaint |
| ☒ Check if there are additional Defendants and attach page 1-A listing them. | ☐ Second Amended Complaint |

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: Tucson Complex - Tucson, Az.

Revised 3/9/07

**550/555**

5. "John" Venalonzo
6. Stacey Garwood
7. David Straub
8. "John" Ware
9. "John" Dunn

## B. DEFENDANTS

1. Name of first Defendant: _____ Ryan Thornell _____ . The first Defendant is employed
as: __ Director - ADOC __ at __ Central Office - Phoenix __ .
         (Position and Title)                                     (Institution)

2. Name of second Defendant: __ Christopher Josefowicz __ The second Defendant is employed as:
as: _____ Warden _____ at __ Tucson Complex __ .
         (Position and Title)                                     (Institution)

3. Name of third Defendant: __ "John" Martinez __ . The third Defendant is employed
as: __ Deputy Warden __ at __ Rincon Yard, Tucson Complex __ .
         (Position and Title)                                     (Institution)

4. Name of fourth Defendant: __ Randall Andrews __ . The fourth Defendant is employed
as: __ Inmate Banking Officer __ at __ Tucson Complex __ .
         (Position and Title)                                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? __ 4 __ . Describe the previous lawsuits:

    a. First prior lawsuit:
        1. Parties: __ Valentini __ v. __ Ryan __
        2. Court and case number: __ CV-18-04247-PHX-MTL-DMF __
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __ Dismissed __

    b. Second prior lawsuit:
        1. Parties: __ Valentini __ v. __ Ryan __
        2. Court and case number: __ CV-19-05608-PHX-MTL-(DMF) __
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __ Dismissed __

    c. Third prior lawsuit:
        1. Parties: __ Valentini __ v. __ Shinn __
        2. Court and case number: __ CV-22-1612-PHX-MTL-DMF __
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __ Pending __

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

5. Name of Fifth Defendant: "John" Venalonzo. The Fifth Defendant is employed as Chaplain at Rincon Yard - Tucson Complex.

6. Name of Sixth Defendant: Stacey Garwood. The Sixth Defendant is employed as Grievance CO IV at Rincon Yard - Tucson Complex

7. Name of Seventh Defendant: David Straub. The Seventh Defendant is employed as Deputy Warden at Rincon Yard - Tucson Complex.

8. Name of Eighth Defendant: "John" Ware. The Eighth Defendant is employed as SENIOR Chaplain at Tucson Complex.

9. Name of Ninth Defendant: "John" Dunn. The Ninth Defendant is employed as Complex Mail / Property Officer at Tucson Complex

C. (Continued)

d. Fourth Prior Lawsuit

  1. Parties: VALENTINI v SHINN
  2. Court and Case Number: CV-23-00325-PHX-MTL-DMF
  3. Result: PENDING

e. Fifth Prior Lawsuit

  1. PARTIES: VALENTINI v. SHINN
  2. Court and Case Number: CV-23-00936-PHX-MTL-DMF
  3. Result: PENDING

f. Sixth Prior Lawsuit

  1. PARTIES: VALENTINI v. SHINN
  2. Court and Case Number: CV-23-00991-PHX-MTL-DMF
  3. Result: PENDING

2-A

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 1st, 5th, 8th, 14th Amendments; RLUIPA - (2000)

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   ☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property  ☒ Exercise of religion  ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 28 December 2022, I was transferred to Rincon Yard - Tucson Complex. On 30 December 2022, I turned in an inmate letter informing Chaplain Venalonzo that I had arrived, that I was a Wiccan, and that I would like to sign up to attend weekly Multi-faith Services. On 6 January 2023 I turned in an electronic inmate letter to Chaplain Venalonzo, notifying him that I had arrived, that I was a Wiccan and that I would like to sign up for and attend, Multi faith Services. On 30 January 2023 I received a written response from Chaplain Venalonzo stating that I was prohibited from attending Multi-faith services because I was the only Wiccan on the yard. This is the first time this has ever happened to me. On all of the other yards, I never have been prohibited from attending religious services, and I am frequently the only Wiccan on the yard. On 10 March 2023, I met with Chaplain Venalonzo in his office, and despite my strong verbal objections, he again stated that I was prohibited from attending Multi-faith services because I was the only Wiccan.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I have now gone 6+ months without being allowed to worship my religion, to attend religious services, and to honor my sacred holy days. This 6 month stretch is part of a 2 year span where I have been prohibited from practicing my religion.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I? ⟨23-051394⟩ ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: 1ˢᵗ, 5ᵗʰ, 8ᵗʰ, 14ᵗʰ Amendments
American Cares Act ; RLUIPA (2000)

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☒ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what
**each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without
citing legal authority or arguments.

On 16 February 2023, the IRS sent me two checks ($1200.00 and $600.00)
as part of the Stimulus package outlined in the American Cares Act passed
by the U.S. Congress.
I was never notified that the money arrived - a violation of D.O. 905
Randall Andrews of the Inmate Banking Office immediately seized over $1200
for debts on my Inmate BANK Account for legal matters.
I was never notified that they took this money out - another violation
of D.O. 905.
During the grievance process, Randall Andrews stated that he had the
authority to seize the money, but did not specify WHERE that authority
came from or how it superceded Federal Law.
The American Cares Act forbids creditors from seizing Stimulus funds with-
out the permission of the individual receiving the Stimulus funds and I
certainly did not give permission to Mr. Andrews to steal my money.
CO IV Griswold, DW Martinez, and Director Thornell chose to ignore
and not answer my Formal grievance and Formal grievance appeals.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
I had over $1200 stolen from me. That money was supposed to be
used to replace clothing, electronics, and other personal property lost by
ADOC staff. That money was also earmarked to purchase religious education
as I am prohibited from practicing my religion.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at
      your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? (23- 052373) ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not. _____

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: 1st, 5th, 8th, 14th Amendment; RLUIPA (2000); Rouser V. White.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☒ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 30 January 2023, I was informed by Chaplain Venalonzo that I was not allowed to practice my religion as I was the only Wiccan on the yard. He cited safety reasons even though I had never expressed any concerns.
   As an alternative form of worshipping my religion, I was authorized to buy religious books, Tarot Cards, and Runes. I spent $410 on this book order.
   On 1 March, CO III Noel approved the order, and on 8 March, Deputy Warden Martinez approved the order. On 10 March Chaplain Venalonzo approved the order. The money was removed from my Inmate Bank Account and a check was sent to Llewellyn Books - an ADOC approved vendor.
   On 3 April 2023, when the books arrived, I was told I would not be getting all of the books because ADOC policy states I am only allowed 10 books. ADOC has now informed me that all of my books will be destroyed in 90 days. CO III Noel, DW Martinez, and Chaplain Venalonzo knew that I had ordered 16 books when they approved the order.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I spent $410 on religious books and my religious rights under the First Amendment and federal law were violated.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ⟨23-054381⟩ ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## COUNT IV

1. State the constitutional or other federal civil right that was violated: 1st, 5th, 8th, 14th Amendments; RLUIPA of 2000; Rouser v. White

2. **Count IV.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities      ☐ Mail           ☐ Access to the court    ☐ Medical care
   - ☐ Disciplinary proceedings  ☐ Property    ☒ Exercise of religion    ☐ Retaliation
   - ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count IV. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 30 January 2023, while at Rincon Yard at the Tucson Complex, I was informed by Chaplain Venalonzo that I was prohibited from attending multi-faith services for the sole reason that I was the only Wiccan on the yard.
   As an alternative method of practicing my religion, I ordered Tarot Cards and Runes from Llewellyn Worldwide - an ADOC approved religious vendor, on 1 March 2023.
   On that same day, the order was approved by CO III Noel, and then it was approved by Deputy Warden Martinez on 8 March 2023. On 10 March 2023 it was approved by Chaplain Venalonzo. At that meeting, I was told there was NO paperwork to fill out and I was never informed of the need to seek permission from Senior Chaplain Ware.
   On 4 April 2023, I was informed by Form 909-3 that CO II Dunn had confiscated the Tarot Cards and Runes and labeled them as "Contraband" stating that Tarot Cards and Runes were: "... Detrimental to the safe, secure, and orderly operation of the facility."
   On 4 April 2023, I again met with Chaplain Venalonzo about this, and again, he reiterated that I did not need to fill out paperwork and that

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I have been prohibited from my constitutional right to worship of the dictates of my conscious. I have also been robbed of $70.00 of my stimulus check which were used to purchase these religious items.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count IV?  (23-054387)  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count IV to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

6

3. Continued ... he would speak to the Senior Chaplain (Ware) and get this squared away. He told me to return the next day at 1000 hrs. He avoided me for over a week.

Finally, on 14 April 2023, he met with me and informed me (for the first time) of the need to fill out Form 916-1. Chaplain Venalonzo told me to ship the Tarot Cards and Runes back to Llewellyn Worldwide in Minnesota and then have Llewellyn reship the cards and runes back to me and then he would give them to me.

In her informal response, CO IV Garwood described the Tarot Cards and Runes as "items" when, in fact, they are "religious items."

She also tried to label the grievance as "UNPROCESSED" even though she assigned it a case number and officially responded to it.

The Formal grievance and Formal grievance appeal were never answered.

6-A

## COUNT V

1. State the constitutional or other federal civil right that was violated: 1st, 5th, 8th, 14th Amendment; RLUIPA (2000); ROWSER v. WHITE

2. **Count V.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   ☐ Basic necessities           ☐ Mail              ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property          ☒ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count V. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 30 January 2023, I was informed by Chaplain Venalonzo that I was prohibited from attending religious services for the sole reason that I was the only Wiccan on the yard.
   On 1 March 2023, I placed an order for religious books with Llewellyn World wide - an ADOC - approved vendor.
   On that same day, CO II Noel approved the order. DW Martinez approved the order on 8 March 2023 and Chaplain Venalonzo approved the order on 10 March.
   On the evening of 6 April 2023, I received Form 909-3 informing me that CO II Dunn had confiscated my religious book: "Tarot for Beginners."
   CO II Dunn claimed there was nudity in the book without presenting any evidence of the sort. There is no photographs of male or female genitalia in the book. It is a book on "Tarot Cards."
   Tarot Cards are believed by Wiccans to assist in divination - an important aspect of our religion.
   I was told my religious book would be destroyed in 90 days.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I spent $20.00 on this book and my religious rights were violated under the 1st Amendment and Federal law (RLUIPA - 2000)

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                    ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count V? (23-054384)   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count V to the highest level?      ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**COUNT** VI

1. State the constitutional or other federal civil right that was violated: 1ˢᵗ, 5ᵗʰ, 8ᵗʰ, 14ᵗʰ
Amendments ; RLUIPA (2000) ; Rouser v. White

2. **Count** VI. Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count VI. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On 30 January 2023, I was informed by Chaplain Veralonzo that I was prohibited from attending religious services for the sole reason that I was the only Wiccan on the yard.
On 1 March 2023, I placed an order for religious books with Llewellyn Worldwide - an ADOC - approved religious vendor.
On that same day, CO III Noel approved this religious order and on 8 March 2023, Deputy Warden Martinez also approved this order.
On 10 March 2023, Chaplain Veralonzo approved this order saying it was a great alternative for practicing my religion.
On the evening of April 6, 2023, I received Form 909.3 informing me that CO II Dunn had confiscated my religious book "Chakras for Beginners" from the order described above.
CO II Dunn also stated that there was nudity in the book without offering any evidence of this. There are no photos of male or female genitalia - it is a book about spiritual energy centers.
I have been informed that the book will be destroyed after 90 days.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
I paid $20.00 for this book and my religious rights were violated under the First Amendment and Federal law.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count VI? ⟨23-054385⟩  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count VI to the highest level?   ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

■ 8

## VII
## COUNT ■

1. State the constitutional or other federal civil right that was violated: 1ˢᵗ, 5ᵗʰ, 8ᵗʰ, 14ᵗʰ Amendments ; RLUIPA of 2000

2. **Count VII.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count VII.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

On 10 March 2023, I met with Chaplain Veralarzo about attending Multi-faith Services as I am a Wicca. He said that since I am the only Wicca on the yard, I was not allowed to attend Multi-faith Services. He DID say that I was allowed to have visits by clergy of my religion.
He gave me a Pastoral Visit Request Form and I filled it out and returned it to him on that same day (10 March 2023) I also filled out a Special Visitation Form and turned it in, but found out later that both forms had been lost (or destroyed?)
I ended up having to fill out a second set of paperwork and yet, I've still had no visits from my clergy.
No visits from religious clergy, coupled with the confiscation of my religious items, religious books and magazines, along with the prohibition from attending religious services amounts to a total and complete pro-hibition of me practicing and participating in my religion.
The Arizona Dept. of Corrections has declared and waged war against my religion.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

As of 5 June 2023 it has been 87 days with no religious clergy visits and 579 days since I was last allowed to attend and participate in religious services.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count VII?  ⟨23-054707⟩ ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count VII to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

9

**COUNT VIII**

1.  State the constitutional or other federal civil right that was violated: 1st, 5th, 8th, 14th
Amendments; RLUIPA of 2000; Rowser v. White

2.  **Count VIII.** Identify the issue involved.  **Check only one.** State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☒ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count VIII. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On 30 January 2023, I was informed by Chaplain Venalanzo that I was not allowed to practice my religion as I was the only Wiccan on the yard. He cited safety reasons even though I had never expressed any concerns.
As an alternative form of worshipping my religion, I was authorized to buy a four year subscription to "Witches and Pagans" Magazine and I was authorized to purchase back issues. I spent $292 on this order. On 1 March 2023, CO III Noel approved the order. On 8 March 2023, Deputy Warden Martinez approved the order and on 10 March 2023, Chaplain Venalanzo approved the order. The money was removed from my Inmate Bank account and sent to GBI Media.
1 May 2023 I was informed by CO II Shivers that T. Dunn at the Tucson Complex had confiscated all 30 of the magazines. During the grievance process, I was informed the magazines were confiscated because I had too many magazines in my possession. This is untrue. I have no magazines in my possession at this time. I offered to.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
I was robbed of $292.00 and my constitutional rights under the 1st, 5th, 8th, and 14th Amendments were violated.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count VIII? ⟨23-057114⟩ ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Count VIII to the highest level? ☒ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

10

3. (Continued)... receive five (5) magazines at a time, read them, and then dispose of them and then receive another five (5) magazines, until all 30 magazines were read and disposed of, but ADOC refused the offer.

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

The plaintiff seeks an award of 5 million dollars for actual damages incurred (loss of religious property to include books, magazines, tarot cards, runes, music, filing fees, legal copies, legal mail, etc) and punitive damages suffered by the plaintiff due to deliberate unconstitutional behavior and illegal actions committed by the defendants, who knew that their actions were unlawful and yet engaged in this illegal behavior anyway.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___26 June 2023___                    _____ 268586
                DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.