**WO**                                                                                          SC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Wayne Valentini, | No.  CV-23-00323-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Ryan Thornell, et al., | |
| Defendants. | |

Plaintiff Rick Wayne Valentini, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and two Motions for Preliminary Injunction (Docs. 5, 6).  The Court denied the motions and dismissed the Complaint with leave to amend (Doc. 11).  Plaintiff has filed a First Amended Complaint (Doc. 13).  The Court will dismiss the First Amended Complaint because it fails to state a claim but will again give Plaintiff leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the

JDDL-K

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his seven-count First Amended Complaint, Plaintiff alleges claims for violation of his religious exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc–2000cc-5. Plaintiff sues

the Director of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC), Ryan Thornell.  He also sues the following ADC staff: Rincon Unit Deputy Warden Martinez, Rincon Unit Chaplain Venalonzo, Tucson Complex Senior Chaplain Ware, Tucson Complex Mail and Property Officer Dunn, and Rincon Unit Corrections Officer III Noel.  Plaintiff seeks compensatory and punitive relief.

In **Count I**, Plaintiff alleges the following:

On January 30, 2023, Defendant Venalonzo informed Plaintiff in writing Venalonzo would not approve Plaintiff to attend weekly multi-faith services because Plaintiff was the only Wiccan on the yard.  On March 10, 2023, Plaintiff met with Venalonzo and attempted to persuade Venalonzo to allow Plaintiff to attend the services.  Venalonzo refused, which Plaintiff claims violated Department Order (DO) 904.1.3.7.6.

On February 1, 2023, Plaintiff submitted an Informal Resolution to Defendant Noel, but never received a response.  On February 16, 2023, Plaintiff submitted a grievance to Defendant Martinez.  Martinez denied the grievance without "sufficiently" explaining the denial.  (Doc. 13 at 5.)  On March 13, 2023, Plaintiff submitted a grievance appeal to Defendant Thornell; Plaintiff apparently claims the response to his appeal contained false and misleading information about Department Order (DO) 904, which addresses inmate religious activities/marriage requests.[1]  As his injury, Plaintiff alleges he was denied his right to practice his religion for six months by being unable to attend the weekly multi-faith services.

In **Count II**, Plaintiff alleges the following:

On January 30, 2023, Defendant Venalonzo agreed Plaintiff could order 19 religious books from an approved vendor, Llewellyn Worldwide, "as an alternate method of worshipping [Plaintiff's] religion," after Venalonzo refused Plaintiff's request to attend

---

[1]  *See* Arizona Department of Corrections, Rehabilitation, and Reentry, *Department Order 904 Manual* at 2 (2021), https://corrections.az.gov/sites/default/files/documents/policies/900/0904.pdf [https://perma.cc/9RNQ-LZ95].  Subsection 4.5 addresses multi-faith gatherings where a religion does not have identified volunteer leadership, does not have scheduled services or ceremonies, and has "a sufficient number of inmates making the request for group ceremonies."  *Id.* at 8.

weekly multi-faith services.  (*Id.* at 6.)

On March 1, 2023, Defendant Noel "reviewed and approved [Plaintiff's book] order."  (*Id.*)  On March 8, 2023, Defendant Martinez "reviewed and approved the book order," and $410.00 was deducted from Plaintiff's inmate trust account and sent to the vendor.

On April 4, 2023, the ordered books arrived but Defendant Dunn, acting on orders of Defendant Ware, seized the books.  The reason given for the seizure was Wiccans were only allowed to possess ten religious books at a time, although Plaintiff claims prisoners of other faiths were allowed to possess many more than ten books.

Plaintiff submitted an informal resolution on April 4, 2023, to Defendant Noel. Plaintiff never received a response.  On May 1, 2023, Plaintiff submitted a formal grievance to Defendant Martinez, in which he in part sought reimbursement of the costs for the books he was not allowed to receive.  Martinez responded there was no longer a designation for religious versus non-religious books and prisoners were only allowed a total of ten books. Martinez did not address Plaintiff's reimbursement request.  Plaintiff submitted a grievance appeal to Defendant Thornell but never received a response.  As his injury, he claims he was unable to access books, which ADC officials had permitted him to buy, and he lost the $410 paid for the books.

In **Count III**, Plaintiff alleges the following:

On January 30, 2023, Defendant Venalonzo agreed Plaintiff could order Vintage Tarot Cards from Llewellyn Worldwide "as an alternative form of worshipping [Plaintiff's] religion" following the denial of leave to attend the weekly multi-faith services.  (Doc. 13 at 8.)  On March 1, 2023, Defendant Noel approved Plaintiff's order, and on March 8, Defendant Martinez approved the order, and $33.00 was withdrawn from Plaintiff's inmate trust account and sent to the vendor for the cards.

Following their arrival, on April 4, 2023, Defendant Dunn seized the cards on the order of Defendant Ware.  Ware ordered seizure of the cards as Plaintiff's "religion (WICCA) was 'detrimental to the safe, secure, and orderly operation of the facility.'"  (*Id.*)

Plaintiff did not receive a response to his Informal Resolution from Defendant Noel, to his May 1, 2023 grievance from Defendant Martinez or to his May 24, 2023 grievance appeal to Defendant Thornell.  As his injury, Plaintiff alleges his "right to access and possess divinatory materials revered by [his] religion was violated" and he lost $33.00 for the cost of the cards.  (*Id.*)

Plaintiff alleges the following in **Count IV**:

On January 30, 2023, Defendant Venalonzo permitted Plaintiff to order "Tarot for Beginners" from an approved vendor.  On March 1, 2023, Defendant Noel approved the order.  On March 8, 2023, Defendant Martinez approved the order and $20.00 was deducted from Plaintiff's trust account and sent to the vendor.

On April 6, 2023, Plaintiff received a Form 909-3 stating the book had been seized by Defendant Dunn on orders of Defendant Ware because it contained nudity.[2]  According to Plaintiff, the book contained no photographs of human genitalia or of the female breast.  Further, according to Plaintiff, tarot cards do not depict human genitalia.

Plaintiff did not receive a response from Defendant Noel to his April 7, 2023 informal resolution, from Defendant Martinez to his May 1, 2023 grievance, or from Defendant Thornell to his May 11, 2023 grievance appeal.  As his injury, Plaintiff was denied access or possession of his religious book, and to learn about and participate in divination revered by his religion and lost $20 used to purchase the book.

Plaintiff alleges the following in **Count V**:

On January 30, 2023, Plaintiff alleges Defendant Venalonzo permitted Plaintiff to order "Chokras for Beginners" from an approved vendor, which Defendants Noel and Martinez approved on March 1 and 8, respectively, and $20.00 was deducted from Plaintiff's inmate trust account and sent to the vendor.  On April 6, 2023, Plaintiff received a Form 909-3 from Defendant Dunn who informed Plaintiff, on the order of Defendant Ware, the book had been confiscated as containing nudity.  Plaintiff contends there were

---

[2] Plaintiff does not indicate how Form 909-3 was captioned.  DO 909 was revised August 28, 2023, and does not list Form 909-3.

no photographs of human genitalia and the book only concerned spiritual energy centers.

Plaintiff did not receive a response from Defendant Noel to his April 7, 2023 informal resolution, from Defendant Martinez to Plaintiff's May 1, 2023 grievance, or from Defendant Thornell to Plaintiff's May 11, 2023 grievance appeal. Plaintiff claims as his injury the denial of his right to access and possess a religious book about spiritual centers revered by his religion, and $20.00 for the cost of the book.

In **Count VI**, Plaintiff alleges the following:

On January 30, 2023, Defendant Venalonzo permitted Plaintiff to order a four-year magazine subscription to "Witches and Pagans" magazine, as an alternative way "to practice [his] religion," since Plaintiff was not permitted to attend weekly multi-faith services. (*Id.* at 12.) Venalonzo also permitted Plaintiff to order back issues of the magazine.

On March 1, 2023 and March 8, 2023, Defendants Noel and Martinez, respectively, approved the order and $292 was deducted from Plaintiff's inmate trust account and sent to the approved vendor. On April 4, 2023, Defendant Dunn seized the back issues of the magazine when they arrived on the orders of Defendant Ware.

In her response to Plaintiff's informal resolution, Defendant Noel inaccurately stated Plaintiff was in possession of more than five magazines; Plaintiff claims he possessed no magazines. In his response to Plaintiff's May 24, 2023 grievance, Defendant Martinez repeated Noel's inaccurate explanation; Plaintiff still possessed no magazines. In his response to Plaintiff's June 15, 2023 grievance appeal, Defendant Thornell also gave the same reasons as Noel and Martinez, but Plaintiff still possessed no magazines. Plaintiff's suggestion he be given a few magazines at a time, which he could read and then dispose of, was rejected. As his injury, Plaintiff claims he lost his right to access and read religious magazines and the $292 he paid for them.

In **Count VII**, Plaintiff alleges the following:

On January 30, 2023, Defendant Venalonzo permitted Plaintiff to order "Deluxe Wooden Runes" as an alternative means of worship because Plaintiff was not allowed to

attend weekly multi-faith services.  On March 1, 2023, Defendant Noel approved the order, and on March 8, 2023, Defendant Martinez approved the order, and $35 was withdrawn from Plaintiff's inmate trust account and sent to the approved vendor.  On April 4, 2023, upon arrival of the runes, Defendant Dunn seized the runes on the order of Defendant Ware because the runes[3] were "detrimental to the safe, secure and orderly operation of the facility."  (*Id.* at 14.)

Plaintiff did not receive a response from Defendant Noel to Plaintiff's April 7, 2023 informal resolution, from Defendant Martinez to Plaintiff's May 1, 2023 grievance, or from Defendant Thornell to Plaintiff's May 24, 2023 grievance appeal.  As his injury, Plaintiff claims his right to access and possess "divinatory materials revered by [his] religion" was violated and he lost $35.00 for the cost of the runes.  (*Id.*)

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of each defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

**A.   RLUIPA**

Plaintiff alleges violations of RLUIPA.  RLUIPA prohibits the government from imposing a substantial burden on the religious exercise of an institutionalized person unless the government establishes the burden furthers a "compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)–(2).  Therefore, to state a claim under RLUIPA, a plaintiff must allege facts sufficient to show government

---

[3]  Plaintiff states the reason for seizing the runes "was that my religion (WICCA) 'was detrimental to the safe, secure, and orderly operation of the facility.'"  (*Id.*)

action has substantially burdened the exercise of the plaintiff's religion without a compelling government interest and by the least restrictive means. *See Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002). "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citation omitted). Thus, an institutionalized person's religious exercise is substantially burdened "'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief.'" *Id.* The Supreme Court has held "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver." *Sossamon v. Texas*, 563 U.S. 277, 293 (2011). The Ninth Circuit has held RLUIPA claims may proceed only for injunctive relief against defendants acting within their official capacities. *See Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (noting RLUIPA does not contemplate liability of government employees in their individual capacities); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [a prisoner's] suit for official-capacity damages under RLUIPA.").

Because injunctive relief is the only form of relief available under RLUIPA, and Plaintiff only seeks compensatory and punitive relief, Plaintiff fails to state a claim under RLUIPA. Accordingly, the First Amended Complaint will be dismissed to the extent that Plaintiff seeks relief under RLUIPA.

**B.    First Amendment**

Plaintiff also asserts a First Amendment free-exercise claim. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987) (internal citation omitted). However, free exercise rights are "necessarily limited by the fact of incarceration" and "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.

1987) (citing *O'Lone*, 482 U.S. at 348).  To state a First Amendment free exercise claim, a plaintiff must allege the defendant, acting under color of state law, substantially burdened his religious practice without a justification reasonably related to legitimate penological interests.  *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *Warsoldier*, 418 F.3d at 995 (quoting *Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div.*, 450 U.S. 707, 717–18 (1981)) (noting the pressure on exercise must be substantial); *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (same).  The religious practice or exercise at issue must be rooted in a sincerely held religious belief and not in "purely secular philosophical concerns."  *Malik*, 16 F.3d at 333 (internal quotation marks omitted) (quoting *Callahan v. Woods,* 658 F.2d 679, 683 (9th Cir.1981)).

### 1. Count I

In Count I, Plaintiff alleges Defendant Venalonzo's denial of Plaintiff's request to attend weekly multi-faith services violated ADC policy and his religious exercise rights.  Alleged non-compliance with a department policy, absent more, is not sufficient to state a claim under § 1983.  *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).  Therefore, Plaintiff fails to state a claim to the extent he argues mere non-compliance with the department's policy.  To the extent Plaintiff asserts a religious exercise claim, Plaintiff fails to allege his inability to attend multi-faith services substantially burdened his religious practice or permission was denied absent a justification reasonably related to legitimate penological interests.

Plaintiff also fails to state a claim based upon the alleged failure of Defendant Noel to respond to Plaintiff's informal resolution or the denial of Plaintiff's grievance and grievance appeal by Defendants Martinez and Thornell, respectively.  While prisoners have a First Amendment right to file grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Moreover, the failure to follow grievance procedures does not give rise to a due process claim.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific

1    prison grievance procedure."); *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

2    ("[N]o constitutional right was violated by the defendants' failure, if any, to process all of

3    the grievances [plaintiff] submitted for consideration.").   "The right to petition the

4    government for redress of grievances . . . does not guarantee a favorable response, or indeed

5    any response, from state officials." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D.

6    Ind. 2003); *see also Hernandez v. Cate*, 918 F. Supp. 2d 987, 1015 (C.D. Cal. 2013)

7    ("[P]laintiff does not have a constitutional right . . . to have his administrative appeal

8    processed or decided in a particular manner."); *see Cousins*, 568 F.3d at 1070 (noting the

9    failure to comply with prison regulations or procedures is not tantamount to a constitutional

10   violation).

11         For the reasons discussed, Plaintiff fails to state a claim in Count I and it will be

12   dismissed.

### 2.     Counts II–VII

14         In Counts II through VII, Plaintiff alleges he was allowed to order books,

15   magazines, or runes as an alternative to attending weekly multi-faith services, and funds

16   were deducted from his inmate account and sent to the approved vendors.   He further

17   alleges, when the items arrived at the prison, they were seized by Defendant Dunn on orders

18   of Defendant Ware, although the reasons varied as to the items seized.   Thus, the 19 ordered

19   books were seized because the order exceeded the ten-book limit under Department Order

20   (DO) 909; two other ordered books were purportedly seized because they depicted nudity

21   (Plaintiff disputes they depicted nudity); back issues of the magazine were seized as

22   exceeding the magazine limit a prisoner could possess[4] (Plaintiff disputes he had any

23   magazines); and the tarot cards and runes were seized as "detrimental to the safe, secure

24   and orderly operation of the facility."

25         The August 28, 2023 version of DO 909 limits the number of books a prisoner may

26

27   _____

28         [4] Plaintiff does not allege how many back issues arrived at the prison, i.e., whether
     back issues in excess of five were received at the facility.

possess to ten.[5]   DO 914.7–9 describes prison policies regarding publications and publication review.[6]  Incoming publications must be pre-paid, DO 914.7.6, and inmates are responsible for staying within publication possession limits in DO 909.  *See* DO 914.7.8. Items exceeding established limits "shall be considered contraband."  *Id.*  In addition, "[a]uthorization to withdraw funds from an inmate's account for the purchase of a publication does not constitute approval of the publication." DO 914.7.9. "Publications that depict nudity of either gender" are prohibited, but "[c]lassic art, paintings, and photos of statues which depict nudity, alone, are not sufficient to exclude the publication." DO 914.8.2.[7]

As to Counts II-VII, Plaintiff fails to allege the seizure of the ordered items substantially burdened his religious exercise, and how, and he therefore fails to state a First Amendment religious exercise claim.  To the extent that ordered items were seized as exceeding the allowed number, Plaintiff does not allege the limits were not reasonably related to legitimate penological interests.[8]  To the extent that ordered items were seized as

---

[5] *See* Arizona Department of Corrections, Rehabilitation, and Reentry, *Department Order 909 Manual* at 14 (2023), https://corrections.az.gov/sites/default/files/documents/ policies/900/DO%20909%20-%20AL.pdf [https://perma.cc/GMQ2-TL5G].

[6] *See* Arizona Department of Corrections, Rehabilitation, and Reentry, *Department Order 914 Manual* at 11–19 (2023), https://corrections.az.gov/sites/default/files/ documents/policies/900/DO%20914%20-%20DO%20-%20Eff.%2010-4-23.pdf [https://perma.cc/RJ2E-CAX7].

[7] Excluded publications will be held for at least 60 days to allow for timely appeals to be received and processed by the Office of Publication Review, and the inmate will be provided three options for disposition of the publication after the 60-day retention period has concluded or the appeal has been decided: 1) mail out the publication at the inmate's expense, 2) arrange for an approved visitor to pick up the publication, or 3) destruction of the publication.  DO 914.9.5.

[8] While Plaintiff asserts prisoners of other faiths were allowed to possess more than ten books, Plaintiff fails to allege *facts* to support this assertion was true at the relevant time for purposes of asserting an equal protection claim.  "To state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The United States Supreme Court has also recognized "successful equal protection claims

detrimental to the safe, secure, and orderly operation of the facility, or as containing nudity, Plaintiff does not dispute the seizures were reasonably related to legitimate penological objectives.

Finally, to the extent that Plaintiff predicates his claims on the failure to respond to his informal resolutions, grievances, or grievance appeals, or that he disagrees with decisions on them, Plaintiff also fails to state a claim for the reasons discussed in Count I.

For the reasons discussed, Counts II through VII will be dismissed for failure to state a claim.

**IV.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.  By **Monday, August 5, 2024,** Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

Plaintiff appears in part to be asserting a loss of property without due process. Plaintiff is informed of the following.  In *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), the Supreme Court held due process is not violated when a state employee negligently deprives an individual of property, where the state makes available a meaningful post-deprivation

---

brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).

remedy.  The rationale underlying *Parratt* is as follows—pre-deprivation procedures are impractical when the deprivation of property occurs through random and unauthorized conduct of a state employee because the state cannot know when such deprivations will occur.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The logic of *Parratt* has been extended to intentional *un*authorized deprivations of property by state actors because a state also cannot know when such deprivations will occur.  *Hudson*, 468 U.S. at 533.  As with negligent deprivations, where a state makes available a meaningful post-deprivation remedy, such as a common-law tort suit against a state employee for intentional unauthorized deprivations, a federal due process claim is precluded.  *Hudson*, 468 U.S. at 534–35; *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  Arizona tort law provides an adequate post-deprivation remedy, *see* Ariz. Rev. Stat. § 12-821.01, and ADC inmates can use the inmate grievance system to file claims seeking reimbursement for property loss or damage under DO 909.09 (now DO 909.08); both have been found to constitute adequate post-deprivation remedies for negligent or intentional unauthorized deprivations of prisoner property.  *See Dennison v. Ryan*, No. 12-15609, 522 F. App'x 414, 418 (9th Cir. 2013); *Jones v. Harris*, No. 19-05682-PHX-MTL, 2020 WL 5748130, at *6 (D. Ariz. Sept. 25, 2020); *Aldrete v. Arizona Dep't of Corr.*, No. CV10-2514, 2011 WL 30959, at *7 (D. Ariz. Jan. 3, 2011); *see also Trenton v. Schriro*, No. CV06-2905, 2007 WL 2572345, at *2 (D. Ariz. Sept. 4, 2007) (noting an inmate's ownership of property is a protected property interest and may not be infringed upon without due process but differentiating between the right to own property and the right to possess property while in prison).

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint or First Amended Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not

alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 under the following circumstances:

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260–61 (stating a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 13) is **DISMISSED** for failure to state a claim.  Plaintiff has up to and including **Monday, August 5, 2024,** to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint by **Monday, August 5, 2024,** the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice stating the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 2nd day of July, 2024.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:     **OR**     <u>Tucson Division</u>:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10            405 West Congress Street
Phoenix, Arizona   85003-2119                       Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
                    Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

     1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

     2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

     3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

     1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

     2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

     3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

     You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

     You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                 Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
                    (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 12/1/20                                      1                              **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as: _____ at_____.
(Position and Title)               (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at_____.
(Position and Title)               (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as: _____ at_____.
(Position and Title)               (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____ at_____.
(Position and Title)               (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

  a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

  b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

  c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                          ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?              ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities           ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                  ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?               ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes      ☐ No
  b.   Did you submit a request for administrative relief on Count III?        ☐ Yes      ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____

_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                         DATE                                                        SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.