**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Wayne Valentini,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　　Defendants. | No. CV-23-00323-TUC-SHR<br><br>**ORDER** |

Plaintiff Rick Wayne Valentini, who is currently confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. The Court granted the Application but dismissed the Complaint for failure to state a claim with leave to amend. Plaintiff filed a First Amended Complaint, which the Court dismissed for failure to state a claim with leave to amend. Plaintiff has filed a Second Amended Complaint (Doc. 18) and a motion for appointment of counsel (Doc. 19). The Court will deny the motion and will require Defendant Ware to respond to the Second Amended Complaint.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

TERMPSREF

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.    Second Amended Complaint**

In his one-count Second Amended Complaint, Plaintiff alleges violations of his religious exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5. Plaintiff sues only Senior Chaplain John Ware at the Arizona Department of Corrections, Rehabilitation & Reentry (ADC). Plaintiff seeks injunctive relief under RLUIPA, compensatory relief under the First Amendment, court costs, and such other relief as the Court finds appropriate.

Plaintiff alleges the following:

On January 30, 2023, Chaplain Venalonzo informed Plaintiff in writing that Venalonzo would not approve Plaintiff to attend weekly multi-faith services because Plaintiff was the only Wiccan on that yard. Shortly thereafter, Plaintiff approached Venalonzo for approval for Plaintiff to buy 18 religious books, a deck of vintage Tarot cards, 30 religious magazines, a set of wooden runes, and a set of correspondence courses to study to become a high priest, as an alternative method of worshipping his religion. Venalonzo agreed and told Plaintiff the process for doing so. When the financial packets were completed, Venalonzo reviewed the paperwork and approved them, and told Plaintiff to submit them to Correctional Officer (CO) III Noel.

On March 1, 2023, Noel inspected the order forms, verified Plaintiff's religious preference and the items to be ordered were allowed for Wiccan inmates, checked Plaintiff's account balance, and signed off on the order. On March 8, 2023, Deputy Warden Martinez reviewed the forms and $750 was deducted from Plaintiff's inmate trust account for the cost for the items. Checks to three approved ADC vendors were issued for the items.

On April 4, 2023, the ordered items arrived at the Tucson Complex Mail and Property Room. CO II Dunn "immediately" seized the items on orders from Defendant Ware. (Doc. 18 at 5.) The reason given to Plaintiff for the seizure was that Ware had declared Wicca was "detrimental to the safe, secure, and orderly operation of the facility," despite Department Order 904 specifically providing Wiccans were allowed to possess religious books, magazines, divinatory items, and correspondence courses "sacred to their religion." (*Id.*)

On April 11, 2023,[1] Plaintiff met with Chaplain Venalonzo, who admitted Defendant Ware had seized the ordered items because, as a Roman Catholic, he regarded Wiccans as devil-worshipers because they believed God was a woman and anything

---

[1] Plaintiff refers to the remaining events as occurring in 2024, but apparently meant to allege they occurred in 2023.

pertaining to women was from the devil.

On July 17, 2023, CO II Moreno informed Plaintiff all his ordered religious items had been destroyed on orders of Defendant Ware. Plaintiff claims Ware unconstitutionally ordered the destruction of the ordered items based upon Ware's personal animosity to Wicca and Wiccans, and in violation of RLUIPA, the First Amendment, and state law. Plaintiff claims Ware's actions did not further a compelling government interest but were a reflection of his animosity and prejudice towards Wicca. Plaintiff further claims the destruction of his religious property, i.e., the ordered items, was not the least restrictive method to achieve governmental ends. Plaintiff notes when a prisoner exceeds the limit for 3 boxes of legal materials in his cell, he can request long-term storage and asks why the same policy could not be adopted for religious items.

Plaintiff denies any of the ordered items contained racist material, nudity, or advocated for violence. He further notes the prison and Ware were not required to expend their own funds for Plaintiff to receive the items, and he had been granted permission to order the items as an alternative method to observe his religion. Furthermore, the same officials caused the funds to purchase the items to be withdrawn from Plaintiff's inmate account. Plaintiff notes the ADC library does not contain Wiccan religious books, so he could only exercise his religion by ordering allowed items to further his religious practice and study. He further notes he was previously allowed to order religious books and items in 2021, when he was at the Florence Complex, but not two years later. Plaintiff lacks the funds to again order the items, and he lacks access to the items he paid for because Defendant Ware caused them to be destroyed.

Plaintiff sufficiently alleges Defendant Ware substantially burdened Plaintiff's religious rights under RLUIPA and the First Amendment. Ware will be required to respond to the Second Amended Complaint.

**III.   Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel because he is indigent, he believes the issues in this case are complex, he is held in protective segregation and has

very limited access to a very limited law library, he has requested assistance from entities that sometimes agree to represent people in religious cases without success, and he lacks legal training. There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time exceptional circumstances are present requiring the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's motion for appointment of counsel.

**IV.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court.  Plaintiff is not required to serve Defendant with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Ware.

(2)     Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

- 6 -

provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on the Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(4) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(6) If Defendant agrees to waive service of the Summons and Second Amended Complaint, he or she must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service

must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Plaintiff's motion for appointment of counsel (Doc. 19) is **denied**.

Dated this 25th day of March, 2025.

Honorable Scott H. Rash
United States District Judge